

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN                 :   CIVIL ACTION

   v.

CPT. VANGORBER, LT              :   No. 1:21-CV-0526
SHERMAN, SAYERS,
RIDER, SECURITY

FILED SCRANTON MAR 23 2021
Per_____ DEPUTY CLERK

Civil Rights Complaint
42 USC § 1983

1. THAT ON OR UPON THE DATE 3/5/2021, OFFICERS CAME TO LOCATION OF HIS CELL, D-122, TO CONDUCT AN INVESTIGATIVE SEARCH UPON HIS LEGAL PROPERTY, WHICH ENDED IN CONFISCATING NEARLY A WHOLE BOX OF LEGAL MATERIAL, HIS PERSONAL PROPERTY, WHICH WAS NOT RELATED TO PROPERTY SOUGHT- TAKEN FROM THE LIBRARY BY ANOTHER INMATE WHERE IT APPEARS THAT ADVERSE ACTION WAS TAKEN.

2. THAT HE SUFFERED DEPRIVATION OF FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH, FREEDOM OF EXPRESSION, AND ASSEMBLY, AND REDRESS OF GRIEVANCES, WHERE DEFENDANT WHOM CONFISCATED HIS PROPERTY READ HIS LEGAL MATERIAL, OR MADE COPIES THEREOF, WITHOUT HIS PERMISSION, FOLLOWING AN IMPROPER SEARCH PROCEDURE, DONE WITHOUT DUE PROCESS OF LAW AND FOR OTHER THAN PURPOSE OF THE SEARCH.

3. THAT SPEECH OR CONDUCT AT ISSUE WAS PROTECTED: THAT DEFENDANT TOOK ADVERSE ACTION AGAINST PLAINTIFF, AND THAT THERE WAS CAUSAL CONNECTION BETWEEN PROTECTED SPEECH AND ADVERSE ACTION.

4. THAT DEFENDANT TOOK, OR WAS RESPONSIBLE FOR ACTIONS THAT HINDERED PLAINTIFF'S EFFORTS TO PURSUE LEGAL CLAIM.

5. THAT DEFENDANT DEPRIVED HIM OF FEDERALLY PROTECTED RIGHT WITHOUT DUE PROCESS OF LAW.

6. THAT DEFENDANT DEPRIVED HIM OF RIGHT, PRIVILEGE OR IMMUNITY SECURED BY CONSTITUTION OR LAWS OF UNITED STATES.

7. THAT HE WAS ENGAGED IN CONSTITUTIONALLY PROTECTED ACTIVITY: THAT HE SUFFERED AN ADVERSE ACTION AT THE HANDS OF PRISON OFFICIALS AND THAT THE PROTECTED ACTIVITY WAS THE SUBSTANTIAL OR MOTIVATING CAUSE OF THE ADVERSE ACTION.

8. THAT THE STATE DEPRIVED HIM OF A PROTECTED INTEREST IN LIFE, LIBERTY OR PROPERTY, AND: THAT THE DEPRIVATION OCCURRED WITHOUT DUE PROCESS OF LAW.

9. THAT HIS ACCESS WAS IMPAIRED AND THAT HE SUFFERED ACTUAL INJURY BECAUSE OF DEFENDANTS ACTION.

10. THAT A NON-FRIVOLOUS LEGAL CLAIM WAS FRUSTRATED OR IMPEDED.

11. THAT DEPRIVATIONS TOOK PLACE ACCORDING TO AN IMPROPER SEARCH PROCEDURE; THAT SEIZED PROPERTY WAS WITHOUT JUST CAUSE, AND WAS WITHOUT AVAILABLE REMEDY OR ADEQUATE REMEDY AT LAW.

12. THAT THE PLAINTIFF UPON DATE 3/5/2021, SUBMITTED TWO REQUESTS TO STAFF FOR THE RETURN OF HIS LEGAL MATERIAL - PERSONAL PROPERTY, AND THAT THE DEFENDANT ACTED WITH INTENTIONAL DISREGARD TO THOSE REQUESTS, WITH INTENT TO DENY HIM THE RETURN OF HIS LEGAL PROPERTY; AND THAT HE SUFFERED DEPRIVATION OF A RIGHT IN SEIZING HIS LEGAL MATERIAL IN VIOLATION OF 5TH, 14TH AMENDMENTS.

13. THAT THE TIME OF THE VIOLATION WAS UPON THE DATE 3/5/2021; THE PLACE OF THE VIOLATION WAS AT LOCATION OF CELL #122, D-BLOCK, AT SCI-ROCKVIEW PRISON; THAT THE VIOLATIVE CONDUCT WAS COMMITTED BY CORRECTION OFFICERS SEYERS AND RIDER; AND THAT THE PRISON OFFICIALS, CPT. VANGORDER AND LT. SHERMAN, SECURITY OFFICERS, WERE RESPONSIBLE FOR THE VIOLATIONS COMMITTED BY THEIR OFFICERS WHICH THEY HAD ENFORCED THEMSELVES.

14. THAT AN ORDER WAS ISSUED BY LT. SHERMAN, SAID BY C/O 1 RIDER, TO INITIATE AN INVESTIGATIVE SEARCH UPON INMATE'S PROPERTY, AND UPON THAT SEARCH, PROPERTY WAS IMPROPERLY CONFISCATED BY SUBORDINATE OFFICERS.

15. THAT THE OFFICIAL ORDERED THE SUBORDINATE OFFICERS TO ACT IN SUCH MANNER.

16. THAT BOTH CPT. VANGORDER AND LT. SHERMAN, AFTER REVIEWING THE PLAINTIFF'S PROPERTY, KNEW THAT WHAT THEY SOUGHT, WAS NOT WITHIN THE PLAINTIFF'S PROPERTY, AND THEREBY CONTINUED TO HOLD PLAINTIFF'S PROPERTY, EXCEEDING BEYOND HIS REQUEST FOR RETURN OF HIS PROPERTY WHICH VIOLATED DUE PROCESS.

17. EXISTENCE OF PROCEDURAL DUE PROCESS VIOLATION WHICH HE SUFFERED IN VIOLATION OF 14TH AMENDMENT.

18. THAT THE PROCEDURE WHICH CAUSED THE ALLEGED CONFISCATION THEY INTENTIONALLY RELIED UPON IT, ENDING IN A KNOWN DUE PROCESS VIOLATION, BY ADVERSE ACTION TAKEN, WITHOUT ADEQUATE REMEDY AT LAW, WHERE DEFENDANTS ACTED OUTSIDE SCOPE OF THEIR EMPLOYMENT.

19. DEFENDANTS KNEW THAT THEY WERE IN QUEST FOR SPECIFIC NOTES TAKEN FROM THE PRISON'S LIBRARY BEING TWO BOOK BINDERS TITLED "FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURES, BOOKS 1 AND 2, WHERE THE REMOVAL OF PLAINTIFF'S LEGAL PROPERTY RESULTED IN ADVERSE ACTION, WHERE HE HAD NO SUCH POSSESSION OF THAT MATERIAL UPON THE INITIATION OF INVESTIGATIVE SEARCH WHERE CONFISCATION RESULTED IN PROCEDURAL DUE PROCESS VIOLATION.

20. THAT THE OFFICERS WHO PARTICIPATED IN THE SEARCH PROCEDURE ACTED IMPROPERLY, AND THE CHIEF OFFICERS WHO GUIDED AND ENFORCED THE SEARCH PROCEDURE WILLFULLY, INTENTIONALLY, AND KNOWINGLY ACTED IMPROPER TO CAUSE HARM, AND ACTED OUTSIDE SCOPE OF THEIR EMPLOYMENT.

(b) RECKLESS OR CALLOUS INDIFFERENCE TO CONSTITUTIONAL RIGHTS OF OTHERS.

2

21. THAT THE PROPERTY WHICH WAS DECLARED MISSING WAS "FEDERAL HABEAS CORPUS PRACTICES AND PROCEDURES"; THE NOTES WERE REMOVED FROM TWO BOOK BINDER TABLETS BEING THE LEGAL PROPERTY OF SCI-ROCKVIEW PRISON LIBRARY.

22. OFFICERS WERE REQUIRED TO SEARCH FOR THAT SPECIFIC PROPERTY ALONE WHERE CONFISCATING ALL OF HIS IMPORTANT LEGAL FILES, FILINGS, AND DOCUMENTS WERE NOT PART OF THAT REQUIRED PROCEDURE.

23. THAT PRISON'S INSTITUTION, STAFF EMPLOYEE: LIBRARIAN, SHOWED THE PLAINTIFF EXACTLY WHAT WAS MISSING.

24. THAT C/O 1 SAYERS, WHOM WAS INVOLVED IN THE SEARCH PROCEDURE UNREASONABLY DISCARDED AWAY PLAINTIFF'S BOX OF SUGAR SUBSTITUTE SWEETNER WHICH HAD OVER 80 PACKETS ENCLOSED THEREIN INTO THE TRASH WITHOUT CONFISCATION ITEM RECEIPT FOR HIS PROPERTY.

25. THEREAFTER THIS OFFICER CONFICATED ALL OF THE PLAINTIFF'S BOND-TYPING PAPER AND CARBON PAPER FROM HIS PROPERTY AND PLACED IT INTO THE BOX WHICH WAS INCLUDED AS LEGAL MATERIAL - THE PLAINTIFF EXPLAINED TO HIM THAT HE WAS INDIGENT AND RECEIVES AN 50 PACKET OF PAPER, CARBON PAPER, AND PEN EACH MONTH, THROUGH ISSUE OF THE BUSINESS OFFICE - THE OFFICER WILLFULLY, INTENTIONALLY AND KNOWINGLY ACTED WITH RECKLESS DISREGARD OF THE PLAINTIFF'S RIGHT TO ACCESS TO HIS LEGAL PROPERTY AND KEPT IT.

26. THAT THE CONDUCT WAS IN VIOLATION OF THE CONSTITUTION AND LAWS OF UNITED STATES WHERE THE PLAINTIFF WAS WITHOUT MEANS TO COMMUNICATE WITH THE COURTS WHICH VIOLATED HIS 14TH AMENDMENT RIGHT, DENIED ACCESS TO THE COURTS, WHICH HE SUFFERED.

27. THEREAFTER THE OFFICER DISCARDED AWAY ALL OF THE PLAINTIFF'S MONTHLY ALLOTMENT OF REGULAR ENVELOPES INTO THE TRASH WHERE INMATES UNDER CURRENT PRISON POLICY ARE ALLOWED 12 MAILINGS PER MONTH - WHICH INCLUDED CONFISCATION OF HIS 9X12" LEGAL ENVELOPES, WHICH VIOLATES 14TH AMENDMENT, DENIED ACCESS TO THE COURT, WHICH HE SUFFERED.

28. THE OFFICER FURTHER TOOK ALL OF THE PLAINTIFF'S BREAD "FOOD" AND THREW IT IN THE TRASH WHERE HE WAS DEPRIVED OF BASIC HUMAN NEED FOR AN 8TH AMENDMENT VIOLATION WHICH HE SUFFERED IN CRUEL AND UNUSUAL PUNISHMENT.

29. THAT HE HAS BEEN DEPRIVED OF THE MINIMAL CIVILIZED MEASURE OF LIFE'S NECESSITIES.

30. THE OFFICER TOOK ALL OF THE PLAINTIFF'S STATE ISSUE SOAP WHICH INMATES ARE ALLOWED TO HAVE AND THREW THEM IN THE TRASH WHICH DEPRIVED HIM OF A BASIC HUMAN NEED FOR AN 8TH AMENDMENT VIOLATION WHICH HE SUFFERED.

(8) THAT C/O 1 RIDER PARTICIPATED IN THE ABOVE VIOLATIONS AND DEPRIVATIONS WITH C/O 1 SAYERS UPON COMMISSION OF AN ACT; THAT HE PRODUCED THE CONFISCATION ITEMS RECEIPT WHICH WAS NOT THE BASIS FOR THE SEARCH AND SEIZURE WHICH CAUSED REMOVAL OF PLAINTIFF'S PROPERTY RESULTING IN PROCEDURAL DUE PROCESS VIOLATION WITHOUT DUE PROCESS.

3

31. THAT THE CONFISCATION OF PLAINTIFF'S LEGAL PROPERTY DEPRIVED HIM OF THE RIGHT TO ACCESS TO AND RIGHTFUL POSSESSION OF HIS PERSONAL LEGAL PROPERTY WHICH VIOLATED 14TH AMENDMENT, HAVING A PROTECTED PROPERTY INTEREST THEREIN AND BEING DEPRIVED THEREOF WITHOUT DUE PROCESS OF LAW WHICH THE PLAINTIFF SUFFERED; A DENIAL OF ACCESS TO THE COURTS.

32. THE CONDUCT WHICH LED TO THE ALLEGED RETALIATION WAS CONSTITUTIONALLY PROTECTED: HE SUFFERED SOME ADVERSE ACTION AT THE HANDS OF THE PRISON OFFICIALS: THE ADVERSE ACTION WAS SUFFICIENT TO DETER A PERSON OF ORDINARY FIRMNESS FROM EXERCISING HIS CONSTITUTIONAL RIGHTS: AND A CAUSAL LINK EXISTS BETWEEN THE EXERCISE OF HIS RIGHTS AND THE ADVERSE ACTION TAKEN AGAINST HIM.

33. THAT HE HAS BEEN INTENTIONALLY TREATED DIFFERENTLY FROM OTHERS SIMILARLY SITUATED AND THAT THERE IS NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT.

34. THAT HE HAS BEEN IRRATIONALLY SINGLED OUT FOR DISPARATE TREATMENT.

35. THAT DEFENDANT TREATED HIM DIFFERENTLY FROM OTHERS SIMILARLY SITUATED: THE DEFENDANT DID SO INTENTIONALLY, AND THERE WAS NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT.

36. THAT THE DEFENDANT COMMITTED THE VIOLATION, DIRECTED IT TO BE DONE, OR ACQUIESCED IN ITS COMMISSION WITH KNOWLEDGE.

37. THAT SUCH DEFENDANTS, WITH DELIBERATE INDIFFERENCE TO THE CONSEQUENCES, ESTABLISHED AND MAINTAINED A POLICY, PRACTICE OR CUSTOM WHICH DIRECTLY CAUSED THE CONSTITUTIONAL HARM.

38. THAT EXISTING POLICY OR PRACTICE CREATES AN UNREASONABLE RISK OF CONSTITUTIONAL INJURY: THE SUPERVISOR WAS AWARE THAT THE UNREASONABLE RISK WAS CREATED; THE SUPERVISOR WAS INDIFFERENT TO THAT RISK, AND; THE INJURY RESULTED FROM THAT POLICY OR PRACTICE.

39. A FAILURE TO PROVIDE SPECIFIC TRAINING THAT HAS A CAUSAL NEXUS WITH HIS INJURIES: THAT THE ABSENCE OF THAT SPECIFIC TRAINING CAN REASONABLY BE SAID TO REFLECT A DELIBERATE INDIFFERENCE TO WHETHER THE ALLEGED DEPRIVATION OCCURRED.

40. THAT THE DEFENDANT, THROUGH CONDUCT SANCTIONED UNDER THE COLOR OF STATE LAW DEPRIVED HIM OF A FEDERAL CONSTITUTIONAL OR STATUTORY RIGHT.

41. THAT EACH GOVERNMENT OFFICIAL DEFENDANT, THROUGH HIS OWN INDIVIDUAL ACTIONS, HAS VIOLATED THE CONSTITUTION.

42. THAT OFFICIALS WERE AWARE OF FACTS FROM WHICH THEY COULD INFER. SUBSTANTIAL RISK OF SERIOUS HARM AND THAT THEY DREW THAT INFERENCE.

43. THAT HE WAS DEPRIVED OF A FEDERAL RIGHT BY SOMEONE ACTING UNDER COLOR OF STATE LAW.

44. THAT THE CONDUCT COMPLAINED OF WAS COMMITTED BY PERSON ACTING UNDER COLOR OF STATE LAW, AND ; THE CONDUCT VIOLATED A RIGHT, PRIVILEGE OR IMMUNITY SECURED BY THE CONSTITUTION OR LAWS OF THE UNITED STATES.

45. THAT PRISON OFFICIAL HAD SUFFICIENT CULPABLE STATE OF MIND AND THAT PRISON OFFICIAL ACTED OR FAILED TO ACT DESPITE HIS ACTUAL KNOWLEDGE OF SUBSTANTIAL RISK.

46. THAT CONDITIONS CREATES SUBSTANTIAL RISK OF SERIOUS HARM.

47. EXISTENCE OF A SUFFICIENTLY SERIOUS OBJECTIVE DEPRIVATION.

48. THAT A PRISON OFFICIAL SUBJECTIVELY ACTED WITH A SUFFICIENTLY CULPABLE STATE OF MIND.

49. PERSONAL INVOLVEMENT BY NAMED DEFENDANTS.

50. PERSONAL INVOLVEMENT BY EACH DEFENDANT IN ALLEGED CONSTITUTIONAL DEPRIVATION.

51. THAT DEFENDANTS WERE DIRECTLY AND PERSONALLY RESPONSIBLE FOR PURPORTED UNLAWFUL CONDUCT.

52. THAT DEFENDANT'S UNCONSTITUTIONAL ACTION WAS THE CAUSE IN FACT OF THE PLAINTIFF'S INJURY.

53. SUBSTANTIAL LIKELIHOOD THAT UNCONSTITUTIONAL PRACTICES HE COMPLAINED ABOUT AT TRIAL WOULD RECUR OR AFFECT HIM IN THE FUTURE.

54. THAT PRISON OFFICIALS KNEW OF AND CONSCIOUSLY DISREGARDED EXCESSIVE RISK TO INMATE'S HEALTH OR SAFETY.

55. SUBSTANTIAL LIKELIHOOD OF SUCCESS ON MERITS ; IRREPARABLE INJURY TO PLAINTIFF IF DEFENDANT IS NOT ENJOINED ; INCLUDING BUT NOT LIMITED TO ABSENCE OF REMEDY AT LAW, HARM TO PLAINTIFF OUTWEIGHS HARM TO DEFENDANT, AND ; PUBLIC INTEREST IS SERVED BY ENJOINING DEFENDANT.

56. THAT CONDITIONS COMPLAINED OF MIGHT REAPPEAR IN THE FUTURE.

57. THAT HE HAD SUSTAINED OR WAS IMMEDIATELY IN DANGER OF SUSTAINING SOME DIRECT INJURY AS RESULT OF THE CHALLENGED OFFICIAL CONDUCT, AND THAT INJURY OR THREAT OF INJURY WAS BOTH REAL AND IMMEDIATE, NOT CONJECTURAL OR HYPOTHETICAL.

58. INCARCERATION UNDER CONDITIONS POSING SUBSTANTIAL RISK OF SERIOUS HARM AND THAT PRISON OFFICIAL KNOWS OF AND DISREGARDS EXCESSIVE RISK TO INMATE HEALTH OR SAFETY.

59. THERE WAS DANGER THESE THREATENED CONDITIONS MIGHT RECUR OR TAKE PLACE IN THE FUTURE AT ANOTHER TIME.

60. THAT HE IS INCARCERATED UNDER CONDITIONS POSING SUBSTANTIAL RISK OF SERIOUS HARM AND THAT DEFENDANT PRISON OFFICIAL POSSESSED SUFFICIENT CULPABLE INTENT.

61. THAT CONDUCT COMPLAINED OF WAS COMMITTED BY A PERSON ACTING UNDER COLOR OF STATE LAW AND THAT SAID CONDUCT DEPRIVED HIM OF A RIGHT, PRIVILEGE OR IMMUNITY SECURED BY CONSTITUTION OR LAWS OF UNITED STATES.

62. A VIOLATION OF RIGHTS SECURED BY CONSTITUTION AND LAWS OF UNITED STATES AND THAT ALLEGED DEPRIVATION WAS COMMITTED BY PERSON ACTING UNDER COLOR OF STATE LAW.

63. ACTUAL INTENT OR RECKLESSNESS.

64. THAT PLAINTIFF HOLDS A CONSTITUTIONALLY PROTECTED RIGHT; DEPRIVATION OF THAT RIGHT OCCURRED; DEFENDANT INTENTIONALLY CAUSED THE DEPRIVATION, AND; THAT DEFENDANT ACTED UNDER COLOR OF STATE LAW.

65. THAT HE SUFFERED SEVERE MENTAL AND EMOTIONAL DISTRESS UPON DEFENDANTS CONDUCT AND ACTION TAKEN AGAINST HIM; THE CONFISCATION OF HIS LEGAL MATERIAL WITHOUT RETURN OF PROPERTY TO INJURED PARTY HAVING A PROTECTED INTEREST IN OWNERSHIP THEREOF, AND HE SUFFERED INJURY, AND HE WAS IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AT TIME THE COMPLAINT WAS FILED DUE TO LOSS OF LEGAL PROPERTY.

66. PROCEDURAL DUE PROCESS REQUIRES THAT ANY DEPRIVATION OF LIFE, LIBERTY OR PROPERTY BY STATE IS DONE FAIRLY AND NOT ARBITRARILY; WHERE THE CONDUCT OR ACTION TAKEN WAS ARBITRARY.

67. INTERFERENCE WITH CONSTITUTIONAL RIGHT OF ACCESS TO COURT.

68. THAT MASSIVE PORTIONS OF HIS LEGAL MATERIAL WAS REMOVED FROM HIS PROPERTY WHICH PRESENTS A THREAT IN VIOLATION OF THE 8TH AND 14TH AMENDMENTS DENIED ACCESS TO COURT.

69. THAT DEFENDANT ACTED WITH INTENT TO KEEP PLAINTIFF'S PROPERTY.

70. POTENTIAL HARM WHICH CANNOT BE REDRESSED BY A LEGAL OR EQUITABLE REMEDY FOLLOWING A TRIAL.

71. THAT DEPRIVATIONS WERE LIKELY TO RECUR.

72. EITHER DIRECT OR INFERENTIAL ALLEGATIONS CONCERNING ALL MATERIAL ELEMENTS NECESSARY TO RECOVER UNDER CHOSEN LEGAL THEORY.

73. THE ISSUES OF THE COMPLAINT ARE THAT THE PLAINTIFF'S LEGAL PROPERTY MATERIAL AND OTHER IMPORTANT DOCUMENTS HAVE BEEN REMOVED FROM HIS POSSESSION WITHOUT REMEDY PROCEDURALLY AND REMAIN TO BE HELD BY SECURITY WHERE THE MISSING REPORTED PROPERTY SOUGHT BY SECURITY FROM THE LIBRARY WAS NOT IN HIS POSSESSION, NOR FOUND IN HIS LEGAL PROPERTY, RESULTED IN LOSS OF LEGAL PROPERTY BASED ON THE CONDUCT AND ACTION TAKEN BY DEFENDANT; AND THAT INJURIES WERE ENHANCED BY CONDUCT AND ACTION TAKEN BY SUBORDINATE OFFICERS WHO WERE ENGAGED IN CONDUCT IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS SANCTIONED BY SUPERVISOR, CAPTAIN VANGORDER.

74. THAT HE HAS RIGHT NOT TO BE DISCRIMINATED AGAINST; THE RIGHT TO EQUAL PROTECTION; THE RIGHT NOT TO BE RETALIATED AGAINST; THE RIGHT TO LIFE, LIBERTY AND PROPERTY; THE RIGHT TO DUE PROCESS OF LAW UNDER 14TH AMENDMENT WHERE THOSE RIGHTS HAVE BEEN VIOLATED.

75. THAT HE HAS THE RIGHT OF FREEDOM OF SPEECH; THE RIGHT TO THE FREEDOM OF EXPRESSION AND ASSEMBLY, WHERE THOSE RIGHTS ARE VIOLATED UNDER FIRST AMENDMENT BY INTERVENING PARTY THROUGH CONDUCT, CONFISCATING, READING, HIS LEGAL DOCUMENTS BY INVASION OF CONSTITUTIONAL RIGHTS WITHOUT PERMISSION OR CONSENT, ESPECIALLY UPON UNWILLINGNESS TO RETURN IT.

76. THAT HE HAS RIGHT NOT TO SUFFER FROM WRONGFUL GOVERNMENT ACTIONS: THE RIGHT TO LIFE, LIBERTY AND PROPERTY; AND RIGHT TO DUE PROCESS WHERE THOSE RIGHTS HAVE BEEN VIOLATED UNDER THE 5TH AMENDMENT.

77. THAT THE DEFENDANT REFUSED TO PROVIDE REMEDY BY RETURN OF PLAINTIFF'S LEGAL MATERIALS BACK TO ITS OWNER BY REQUEST, AND HAS ACTED INTENTIONALLY AND MALICIOUSLY TO KEEP IT AND DISCRIMINATED AGAINST PLAINTIFF BY TREATING HIM DIFFERENTLY THAN OTHERS SIMILARLY SITUATED.

78. THAT BOTH THE SUBORDINATES AND CHIEF OFFICERS VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

79. THAT HIS PERSONAL PROPERTY - LEGAL MATERIAL WERE TAKEN BY DEFENDANT - PRISON OFFICIAL, WHERE THEREAFTER, THERE WERE NO REASONABLE BASIS TO HOLD HIS PROPERTY ANY FURTHER.

80. THAT THE PLAINTIFF'S LEGAL MATERIALS AND IMPORTANT LEGAL DOCUMENTS WERE UNREASONABLY CONFISCATED BY OFFICERS LEAVING HIM WITHOUT ADEQUATE POSSESSION OF OR RIGHT TO ACCESS TO HIS LEGAL MATERIAL WHICH POSED A SERIOUS THREAT, AND THAT HE WAS IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AT TIME HIS COMPLAINT WAS FILED WHERE DANGER THUS ARISES UPON LOSS OF LEGAL PROPERTY.

81. THAT THE SECURITY SUPERVISOR CONFISCATED HIS LEGAL PROPERTY WITHOUT SUFFICIENT BASIS TO JUSTIFY THE CAUSE WHICH HE SUFFERED.

82. THAT HE HAD A PROTECTED PROPERTY INTEREST IN POSSESSION OF HIS LEGAL PROPERTY AND ALL OTHER ASSOCIATED LEGAL MATERIAL THEREWITH, AND WAS DEPRIVED THAT INTEREST BY PRISON OFFICIAL, DEFENDANT, UPON AN UNREASONABLE REMOVAL THEREOF BY SAID CONFISCATION, WHICH EXCEEDED THE BOUNDARY OF WHAT WAS ACTUALLY SOUGHT, BY AN ARBITRARY AND UNREASONABLE DEPRIVATION.

83. INTENTIONAL IMPROPER SEARCH PROCEDURE, DIRECTLY CAUSING THE INMATE'S LOSS OF LEGAL PROPERTY.

84. THAT UPON THIS 15TH DAY OF MARCH, 2021, THE PLAINTIFF HAS NOT RECEIVED HIS LEGAL PROPERTY OR NOTICE OF ITS RETURN BEFORE THIS MATTER WAS FILED IN THE DISTRICT COURT.

85. THAT THE PLAINTIFF HAS RIGHT TO FILE GRIEVANCE OR TO SEEK REDRESS BY PETITION OR LAWSUIT UNDER 1ST AMENDMENT OF WHICH THE DEFENDANT HAS CAUSED INTERFERENCE AND INJURY BY REMOVAL OF PLAINTIFF'S PROPERTY WITHOUT REMEDY OR DUE PROCESS

86. THAT ALLEGED DEPRIVATION ACTUALLY INTERFERED WITH HIS ACCESS TO COURTS OR PREJUDICED EXISTING ACTION.

87. EVIDENCE THAT THE PLAINTIFF'S PROPERTY WAS NOT RETURNED AND THAT HE HAD TO DEMAND ITS RETURN THROUGH COURT BECAUSE OF THE THREATENING CONDUCT AND ACTIVITY WHICH THE DEFENDANT WAS ENGAGED.

88. PLAINTIFF URGES TO THE COURT THAT HE BELIEVES THAT DEFENDANT INTENDS TO PLANT SOMETHING OTHER THAN PLAINTIFF'S LEGAL NOTES INTO HIS PROPERTY WHILE ITS IN HIS POSSESSION; AS SEEN UPON THE "CONFISCATION ITEMS RECEPT" DEFENDANT "RIDER" HAS SHOWN IN NUMBER 1. (1) Box of Legal Material not to be Removed from Library : PLAINTIFF DOESN'T HAVE, NOR DID HE HAVE POSSESSION of Legal material not to be Removed from Library

89. THAT DEFENDANT DIDN'T TELL HIM, NOR DID HE WANT PLAINTIFF TO KNOW THAT THE INVESTIGATIVE SEARCH WAS FOR, TWO BOOK BINDERS - TWO VOLUME OF LEGAL NOTES TITLED "FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURES" BOOK # 1 AND 2, WHERE THE REMOVAL OF HIS LEGAL PROPERTY WAS NOT PART OF THAT SEARCH, AND THAT THE SEARCH AND SEIZURE WAS IMPROPER WHERE THE DEFENDANT HAS ATTEMPTED TO JUSTIFY THE SEARCH BY ALTERNATIVE MEANS FALSELY WHICH VIOLATED DUE PROCESS

THAT THE IMMINENT DANGER EXCEPTION HAS BEEN APPLIED, AND MAY IT BE ACCEPTED BY THE COURT THROUGHOUT THE ENTIRE COMPLAINT IF NECESSARY, IF NOT APPROPRIATELY APPLIED

## RELIEF SOUGHT

DEFENDANTS ARE SUED IN THEIR INDIVIDUAL AND THEIR OFFICIAL CAPACITIES SEEKING INJUNCTIVE RELIEF

1. DEFENDANTS MUST BE ENJOINED FROM CONTINUING IN UNCONSTITUTIONAL POLICIES, PRACTICES, OR PROCEDURES

2. PLAINTIFF'S LEGAL MATERIAL AND ALL OTHER IMPORTANT DOCUMENTS SEIZED MUST BE RETURNED TO HIM WHERE HE IS IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY UPON LOSS OF LEGAL PROPERTY

3. THAT THE INDIVIDUAL OFFICERS MUST BE TRANSFERRED TO ANOTHER JAIL WHERE HE FEELS THREATENED BY THEIR AUTHORITY, ACTIVITY OR CONDUCT

*Declares Under Penalty of Perjury*

3/15/2021
DATED

8

Julie Christo
PLAINTIFF PRO SE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN                    :   CIVIL ACTION

      v.                           :   No.

CAPTAIN VANGORDER et al            :

## AFFIDAVIT

1. THAT THE DEFENDANT HAS IN HIS POSSESSION LEGAL DOCUMENTATION ON FILING OF WRIT OF CERTIORARI WITH THE DOCKET APPLICATION AND INSTRUCTIONS WHICH STOPS THE PLAINTIFF'S CONTEMPLATED FILING OF ACTION INTO THE UNITED STATES SUPREME COURT — MATTER WHICH WAS MAILED TO HIM FOR PUBLIC USE

2. THE DEFENDANT HAS IN HIS POSSESSION A UNITED STATES CONSTITUTIONAL CITATION CRIMINAL COMPLAINT, 1st AMENDMENT PETITION SEEKING REDRESS OF GRIEVANCES WHICH WAS FILED BY THE COMPLAINANT AGAINST CITY OF PHILADELPHIA BEING A PENDING INVESTIGATION IN THE OFFICE OF THE U.S. ATTORNEY GENERAL IN WASHINGTON D.C., CAUSING INTERFERENCE WITH A VALID CLAIM.

3. THAT THE DEFENDANT HAS IN HIS POSSESSION THE PLAINTIFF'S CASES AND CITES UNDER WEST LAW I-e., DUE PROCESS, MAXIMS OF LAW, CONTRACT LAW, CONSTITUTIONAL LAW, FORFEITURES, SECURITIES FRAUD, SPECIAL PLEADINGS IN FRAUD ETC, WHICH STOPS THE PLAINTIFF FROM RAISING ADEQUATE CLAIM

4. THAT THE CASE LAW IN CASE No. 1:20 CV-01842 HAS BEEN REMOVED, TAKEN FROM PLAINTIFF'S FILE, ON FILE, IN THE MIDDLE DISTRICT, INTERFERRING WITH HIS ACCESS TO CLAIM IN LEGAL ARGUMENT IN PENDING ACTION BEFORE HONORABLE JUDGE RAMBO

5. THAT HIS BOND PAPER, AND LEGAL ENVELOPES, AND CARBON PAPER HAS BEEN REMOVED FROM HIS PROPERTY, TAKEN, DENYING HIM ACCESS TO COURT.

6. THAT THE CONFISCATION IN THE ABOVE WAS DONE FOR OTHER THAN SEEKING RETURN OF LOST PROPERTY OF THE PRISON'S LIBRARY BEING "FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURES", TWO VOLUME SERIES OF NOTES UPON TWO BOOK BINDERS, RATHER, IT WAS DONE TO MINGLE THROUGH PLAINTIFF'S PRIVATE NOTES BY INVASION OF RIGHTS WHICH PROVES THAT HE WAS IN IMMINENT DANGER OF SERIOUS PHYICAL HARM AT TIME HIS COMPLAINT WAS FILED.

Declares Under Penalty of Perjury

3/15/2021
DATED

Julio Christian
PLAINTIFF PRO SE

| DC-154A Revised 7/2009 | | | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|---|---|---|
| No. C 451921 | | | | | |
| **Confiscated Items Receipt (Inmate)** | | | | | |
| DC-NUMBER | Inmate Name | Cell | Facility | Date | Time |
| AY9428 | Christian | D1022 | SCIR | 3-5-21 | 1600 |

- ☐ Random Search
- ☐ General Search
- ☒ Investigative search

Misconduct Report Prepared ☐ Yes ☐ No

Comments:

| Item(s) Confiscated | Disposition | Item(s) Confiscated | Disposition |
|---|---|---|---|
| 1. (1) Box of Legal material not to be removed from | SEC | 2. Magazines with no I/M Number on it | SEC |
| 3. Library | | 4. (1) Box Legal material altered | SEC |
| 5. | | 6. | |
| 7. None | | 8. None | |
| 9. | | 10. | |

☐ **Uniform Commercial Code (UCC) and Paper Terrorism Materials**

UCC and related material will be confiscated and will not be subject to a disposition other than return to the inmate, destruction or forwarding to the Chief of Security or Chief Counsel's Office. Upon confiscation, the inmate has 15 days to file a grievance, in accordance with **DC-ADM 804, "Inmate Grievance Procedure."**

Signature and Title of **Staff Member** Confiscating the Item(s)
COI Ryder

Signature and Title of **Staff Member** Disposing the Item(s)

White – DC-15   Yellow – Deputy Superintendent for Facilities Management   Pink - Inmate

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer) Captain Vangorder  Security | 2. Date: 3-15-2021 |
| 3. By: (Print Inmate Name and Number) Julio Christian AY9428<br><br>_Julio Christian_<br>Inmate Signature | 4. Counselor's Name: MR. Serafini |
| | 5. Unit Manager's Name: MR. Miller |
| 6. Work Assignment: None | 7. Housing Assignment: D-BLDG CELL # 122 |

8. Subject: State your request completely but briefly. Give details.

SIR: I AM REQUESTING THE RETURN OF MY LEGAL MATERIAL - PERSONAL PROPERTY; I AM NOT THROWING MY PROPERTY AWAY, AND I HAVE NOT ABANDONED MY PROPERTY - I HAVE IMPORTANT MATTERS TO BE FILED IN COURT AND YOU'RE PREVENTING ME FROM DOING SO. I don't understand, I've cost you no problem nor have I done anything to security to cause this Extended Request for my Legal property. I spoke to Major Dike, He said He would mention to you that I'm trying to get back my property - this is my Third Request for Return of my property - I'm not giving my property away nor shall I allow anyone to take it from me - what security sought was not in my property being the Reason for the Search Continued...

9. Response: (This Section for Staff Response Only)



To DC-14 CAR only ☐        To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME _____  _____ DATE _____
                              Print                          Signature

CC: Carbon Copy

*7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips*        **Attachment 3-A**

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER**<br>*Continued in part* | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer) | 2. Date: |
| 3. By: (Print Inmate Name and Number)<br><br>_____<br><br>_____<br>Inmate Signature | 4. Counselor's Name:<br><br>5. Unit Manager's Name: |
| 6. Work Assignment: | 7. Housing Assignment:<br>D-BLDG CELL # |

8. Subject: State your request completely but briefly. Give details.

I HAVE SHARED WITH YOU THAT AN INVESTIGATION IS BEING CONDUCTED AT THIS TIME BY DISTRICT ATTORNEY IN PHILADELPHIA UNDER INNOCENT PROJECT - CONVICTION INTEGRITY UNIT FOR MY RELEASE. I AM NOT UNDER STATE PROPERTY - NOR ITS JURISDICTION - THIS IS MY FINAL NOTICE - REQUEST FOR RETURN OF MY LEGAL PROPERTY IN OWNERSHIP HAVING A PROTECTED INTEREST THEREIN CIR No. C 451921

9. Response: (This Section for Staff Response Only)

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME _____   _____   DATE _____
                             Print                              Signature

*7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips*          **Attachment 3-A**

JULIO CHRISTIAN
AY 9428
BOX A
BELLEFONTE PA 16823

Legal Mail

RECEIVED
SCRANTON
MAR 23 2021
PER_____
DEPUTY CLERK

INMATE MAIL
PA DEPT OF
CORRECTIONS

US POSTAGE
ZIP 16823
02 4W
0000376203

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PA
P.O. BOX 1148
SCRANTON PA 18501